IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CARNELL JACKSON                                                                                     PLAINTIFF
ADC #144389

V.                                           NO: 4:11CV00471 SWW/HDY

PULASKI COUNTY *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### **DISPOSITION**

Plaintiff Carnell Jackson, an inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* complaint on June 7, 2011, alleging that he was the victim of excessive force used by guards when he was detained at the Pulaski County Detention Facility. Defendants are Maj. Shawn Smith, along with Tyce James and Joshua Stowell, both of whom were deputies serving as guards at the detention facility at the time of the incident.[1]

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on October 1, 2012, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence

---

[1] The undersigned has already recommended the dismissal of Plaintiff's claims against Smith (docket entry #51).

presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

    1.    The events at issue in this lawsuit occurred in April of 2011, when Plaintiff was a pre-trial detainee at the Pulaski County Regional Detention Facility.

    2.    Plaintiff was using the telephone speaking to a bail bondsman, when Stowell and James told him to terminate the call, and directed the control booth officer to cut off the phone.

    3.    Plaintiff was admittedly belligerent as the two officers were leading him back to his cell. Plaintiff was fully restrained at the time. At some point, one of the officers grabbed Plaintiff's arm, and Plaintiff jerked away. Another put his hand on Plaintiff's neck, and Plaintiff again jerked away. The incident was captured on video, introduced as Plaintiff's exhibit #1. A physical struggle ensued, and Plaintiff was eventually taken to the ground, and sprayed with pepper spray. Plaintiff contends the force was unnecessary.

    4.    The Fourth Amendment's objective reasonableness standard governs excessive force claims brought by an arrestee. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Plaintiff was a pre-trial detainee at the time the events occurred. Although Plaintiff's claims are grounded in the Fifth and Fourteenth amendments, rather than the Fourth amendment, the evaluation of his claims also relies on an objective reasonableness standard. *Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001).

    5.    Although Plaintiff believes the force used was excessive, a review of the video he

introduced demonstrates otherwise. The video shows that no force was used until Plaintiff began actively resisting the officers' efforts to escort Plaintiff to his cell. Pepper spray was used, and Plaintiff was taken to the ground, but the video demonstrates a measured response to Plaintiff's refusal to return to his cell. The video also demonstrates that once officers gained control of the situation, Plaintiff was seen by a nurse, taken to a shower, and then returned to his cell without further incident. Reasonableness is determined by an inquiry into whether the officers' actions were objectively reasonable in light of the facts and circumstances confronting them. *See Graham v. Connor* at 397. Even though force was used, no force was used exceeding that which was necessary to quell the disturbance, and therefore the force used cannot be considered unreasonable.

6. Because Plaintiff introduced no evidence to indicate that Defendants' use of force was anything other than a reasonable response to his efforts to physically resist Defendants' attempt to return him to his cell, he has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  2   day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE